# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.                                                    Criminal Case No: 1:12cr71

CARISSA HADS,
              Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Carissa Hads, in person and by counsel, Katy J. Cimino, appeared before me on October 10, 2012. The Government appeared by Shawn Angus Morgan, Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by placing Defendant under oath. The Court determined that Defendant would enter a plea of "Guilty" to Count One of the Indictment. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. During her summarization, the AUSA appearance advised that an amendment had been made to the written plea agreement, including the addition of a paragraph 15 detailing items that Defendant had agreed to forfeit and items the government would either destroy or return to Defendant. Paragraph 14 had also been amended solely to reflect that paragraph 15 had been added. The amendments were initialed by Defendant and counsel. Defendant stated that the Government's summary of the amended Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

Upon inquiry, the AUSA advised there was a previous plea agreement extended to Defendant, which was a standard agreement and was not binding. The Government modified the agreement to

include the binding provisions at the request of Defendant and her counsel. Defendant and her counsel wanted a binding agreement for "certainty," at the lower end of the guideline range (70 months). The Government advised it would agree to a binding sentence of 87 months. Counsel for Defendant agreed that there had been an earlier, non-binding agreement, that she and Defendant had discussed that agreement, and then sought the binding agreement. She also agreed Defendant had sought the 70-month binding sentence, but agreed to the 87-month binding sentence. Defendant then confirmed the discussions with her counsel as outlined had taken place.

The Court then addressed the mother of the victim in this matter, who stated she agreed to the plea agreement, after discussing it with her minor daughter, the victim.

The Court thereafter inquired Defendant as to her understanding of her right to have an Article III Judge hear her plea and her willingness to waive that right, and instead have a Magistrate Judge hear her plea. Thereupon, the Court inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Carissa

Hads, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

The undersigned then reviewed the charges with Defendant, including the elements the United States would have to prove at trial, charging her with travel in interstate commerce to engage in illicit sexual conduct, in violation of Title 18, United States Code, Section 2423(b).

Defendant thereafter stated in open court she understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement signed by her on September 12, 2012, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of plea of guilty to Count One of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any

recommendation contained within the plea agreement or pre-sentence report.

The Court confirmed the Defendant had received and reviewed the Indictment in this matter with her attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of Count One of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against her and understood that the maximum statutory sentence she would be subjected to if convicted of the offenses charged in the Indictment was imprisonment for a term of not more than thirty (30) years; a fine of not more than $250,000.00; both imprisonment and fine; a period of supervised release of five years to life; and a special mandatory assessment of $100.00. Defendant also understood that she would be required to register as a sexual offender under federal and state laws.

The undersigned Magistrate Judge further examined Defendant with regard to her understanding of the impact of her conditional waiver of her appellate rights as contained in her written plea agreement as follows:

Ct: Did you and Miss Cimino discuss that you have a right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals within 14 days of the oral pronouncement of that sentence by the United States District Judge?

Def: Yes, sir.

Ct: Do you also understand that under 28 USC section 2255, you may collaterally attack or challenge that sentence and how that sentence is being carried out by the warden and officials of the prison that you're assigned to, at some point after you're assigned to prison?

Def: Yes, sir.

Ct:  Do you understand that if the United States District Judge at your sentencing hearing advises you that the Judge has accepted your plea agreement and is imposing the binding sentence as recommended by you and the government, that you at that point will be determined to have given up any appeal of that binding sentence and conviction and you will have given up your right to collaterally attack or challenge that sentence?

Def:  Yes, sir.

Through this colloquy the Court determined Defendant understood her appeals rights and voluntarily gave them up pursuant to the condition that the court accepts the agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

Defendant also understood that the parties had reached an agreement regarding an appropriate sentence for the offense charged in Count One, that being imprisonment for a period of eighty-seven (87) months, with at least five (5) years supervised release, and a special assessment of $100.00. Defendant also understood this would be binding on the District Judge if she accepted the agreement. Defendant also understood there was binding mandatory restitution, the amount of which to be determined at her sentencing hearing.

Defendant further understood she will be required to register as a sex offender under the Sex Offender Registration and Notification Act, and keep such registration current in the location of her residence, her employment, and her school (if any). Defendant understood she must update her registration within three business days after any change of name, residence, employment, or student status, and understood that failure to comply subjects her to prosecution for Failure to Register, a federal felony offense.

The Court inquired of Defendant and determined Defendant also understood that, while the Court may accept, reject or defer its decision, this agreed disposition binds the Court, with respect to the expressly-stated term of imprisonment, if and only if the Court accepts the plea agreement; that the District Judge would advise her whether she accepted her plea agreement; and if she did not follow or refused to accept the binding sentencing provisions set forth in the agreement, she would have the right to withdraw her guilty plea. If Defendant had the right under the above provision to withdraw her guilty plea, and did not do so, the District Judge could then sentence her to any sentence within the statutory maximum earlier addressed.

Thereupon, Defendant, Carissa Hads, with the consent of her counsel, Katy J. Cimino, proceeded to enter a plea of **GUILTY** to Count One of the Indictment.

The Court then received the sworn testimony of West Virginia State Police Officer Robert Talkington, who is assigned to the Crimes against Children Unit. He investigated Defendant's case. Through his investigation he determined Defendant also identified herself as James Puryear Wilson, a 17-year-old male. Defendant used the identity of James Puryear Wilson to communicate with the minor victim in this case. Defendant traveled in interstate commerce to engage in illicit sexual activity with the victim. That travel included traveling by plane from Massachusetts to Pittsburgh, Pennsylvania, by another plane from Pittsburgh to Bridgeport, West Virginia, and then by automobile driven by the victim's mother, to their residence in Lewis County, West Virginia. The travel took place on February 23, 2012. The victim and her mother believed Defendant was James Puryear Wilson, and did not know she was a woman. Both the victim and Defendant confirmed in statements that Defendant actually engaged in a sexual act with the victim, shortly after traveling to West Virginia. The sexual act is one defined in Title 18 United States Code Section 2246(2)(C).

Defendant stayed in West Virginia from February 23-28, 2012. The name she used in traveling by plane was Carissa Hads.

Defendant then stated she heard, understood, and agreed with Officer Talkington's testimony, except that she disagreed that the victim and her family were unaware of her gender. Defendant, both counsel, and the Court acknowledged that this exception does not impact the offense charged. From the testimony of Officer Talkington, the undersigned Magistrate Judge concludes the offense charged in Count One of the Indictment is supported by an independent basis in fact concerning each of the essential elements of that offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing her plea; Defendant understood the charges against her; Defendant understood the consequences of her plea of guilty; Defendant understood the statutory maximum sentence, and also understood her plea agreement and the binding nature of her plea agreement; she understood the judge would reserve any decision on accepting the binding sentence; Defendant made a knowing and voluntary plea of guilty to Count One of the Indictment; and Defendant's plea is independently supported by the testimony of Officer Talkington, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant pled.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to Count One of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation. The undersigned makes no recommendation regarding whether the District Judge should sentence Defendant in accord with the binding provisions of the plea agreement.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult

probation officer assigned to this case.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Defendant is remanded to the custody of the United States Marshal pending further proceedings in this matter.

Respectfully submitted this 10th day of October, 2012.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE